1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALFONSO VALERIANO DE LA CRUZ,          No.  2:19-cv-2430 KJM DB P

12                Plaintiff,

13         v.                                ORDER

14   SUPERIOR COURT OF CALIFORNIA,
     COUNTY OF SACRAMENTO, et al.,
15
                 Defendants.
16

17

18         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

19   under 42 U.S.C. § 1983.  (ECF No. 1).  Plaintiff has paid the filing fee.  The matter was referred

20   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21   For the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

22   **I.     PAYMENT OF FILING FEE**

23         Plaintiff has paid the filing and administrative fees for this action.  See 28 U.S.C. §

24   1914(a)-(b).  Accordingly, this matter may proceed and be screened.

25   **II.    SCREENING REQUIREMENT**

26         The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9   Cir. 1989); Franklin, 745 F.2d at 1227.

10       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

13   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

14   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

15   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

16   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

17   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

18   McKeithen, 395 U.S. 411, 421 (1969).

19   **III.   PLEADING STANDARD**

20       **A.   Generally**

21       Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

22   immunities secured by the Constitution and laws of the United States."  Wilder v. Virginia Hosp.

23   Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source

24   of substantive rights, but merely provides a method for vindicating federal rights conferred

25   elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

26       To state a claim under Section 1983, a plaintiff must allege two essential elements:  (1)

27   that a right secured by the Constitution or laws of the United States was violated and (2) that the

28   ////

2

1   alleged violation was committed by a person acting under the color of state law. See West v.

2   Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

3       A complaint must contain "a short and plain statement of the claim showing that the

4   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

7   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

8   matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  Facial

9   plausibility demands more than the mere possibility that a defendant committed misconduct and,

10  while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

11      **B.    Linkage Requirement**

12      Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

13  that each defendant personally participated in the deprivation of his rights.  See Jones v.

14  Williams,  297 F.3d 930, 934 (9th Cir. 2002).  There  must be an actual connection or link between

15  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16  Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

17  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

18      Government officials may not be held liable for the actions of their subordinates under a

19  theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

20  Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

21  liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

22  violated the Constitution through his own individual actions by linking each named defendant

23  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

24  Id. at 676.

25  **IV.    PLAINTIFF'S COMPLAINT**

26      **A.    Claim One and Claim Two**

27      Plaintiff names the Superior Court of California – County of Sacramento, Correctional

28  Training Facility – Soledad ("CTF-Soledad"), Pleasant Valley State Prison ("PVSP"), and

1   California Correctional Institution – Tehachapi's ("CCI-Tehachapi") Warden Sullivan[1] as

2   defendants in this action.  (See ECF No. 1 at 1).  In his first claim, he argues that his due process

3   and equal protection rights under the Fourteenth Amendment were violated when:  (1) the

4   admission of hearsay and false evidence was permitted at his jury trial; (2) insufficient evidence

5   at trial led to an improper finding that plaintiff had fired a gun; (3) he was found guilty without a

6   trial, and (4) his trial attorney failed to object to factors related to his mistrial.  (See generally id.

7   at 3).

8           In plaintiff's second claim, he contests the county court's application of sentencing

9   guidelines to his case after a mistrial had been declared violated his Fourteenth Amendment due

10  process and equal protection rights.  (See generally ECF No. 1 at 4).  As a result of this, plaintiff

11  contends, he was sentenced to thirty years-to-life.  (See id.).

12          Plaintiff claims that because of these events, he has been traumatized, has been injured

13  mentally and has deteriorated physically.  (ECF No. 1 at 3).  He claims that being separated from

14  his family for almost ten years is also a part of his injury as well as his inability to provide for his

15  family.  (See id. at 4).

16          **B.   Claim Three**

17          In Claim Three, plaintiff appears to be attempting to raise denial of access to courts and

18  deliberate indifference claims in violation of his First, Fourteenth and Eighth Amendment rights.

19  (See generally ECF No. 1 at 5).  First, plaintiff alleges that when he was sent from CTF-Soledad

20  to Folsom State Prison, he waited there for one month until he could be sent to CCI-Tehachapi.

21  (See id.).  During that period, he never received his legal papers or other personal property.  This,

22  plaintiff contends, was a problem because he needed to file a habeas petition.  (See id.).

23          Next, plaintiff claims that while housed at PVSP in 2013 and 2014, he fell twice in the

24  yard due to the fact that there were numerous holes in the ground.  (See ECF No. 1 at 5).  As a

25  result, his right ankle was injured.  (See id.).  Subsequent surgery that was performed left plaintiff

26

27  [1]  A cursory review of the California Department of Corrections and Rehabilitation's website
    indicates that Sullivan is no longer the warden at CCI – Tehachapi.  See generally
28  https://www.cdcr.ca.gov/facility-locator/cci/ (last visited Nov. 5, 2020).

1    with "a rigid surgical dressing protecting and supporting fractured bone." (Id.).  In addition,

2    plaintiff states that during his time at PVSP, he tested positive for Valley Fever.  As a result, he

3    was treated for one month until he was told he had recovered.  Plaintiff, however, does not

4    believe that he is one hundred percent fully recovered because he is "always in pain."  (See id.).

5    Plaintiff asserts that his continued pain constitutes his harm.  (See generally id.).

6    **V.    DISCUSSION**

7        **A.    Claim One and Claim Two**

8        Claim One and Claim Two of the complaint fail to state claims upon which relief may be

9    granted under Section 1983.  This is because they both challenge plaintiff's sentence and

10   conviction.  As a result, they should be brought in a habeas petition, not a civil rights complaint.

11   See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper

12   mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (citing Preiser

13   v. Rodriguez, 411 U.S. 475, 484 (1973)).  Accordingly, plaintiff shall not be given the

14   opportunity to amend these claims.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013)

15   ("A district court may deny leave to amend when amendment would be futile.").

16       **B.    Claim Three**

17       In contrast, plaintiff's allegations in Claim Three, which attempt to raise access to courts

18   and deliberate indifference claims do fall within the parameters of a Section 1983 civil rights

19   complaint.  See Badea, 931 F.3d at 574 ("A civil rights action . . . is the proper method of

20   challenging 'conditions of . . . confinement'.").  However, for the reasons stated below, neither

21   claim provides sufficient information that would permit plaintiff to proceed with service of

22   process at this time.

23           **1.  Access to Courts Claim**

24               **a.  Relevant Law**

25       Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey,

26   518 U.S. 343, 346 (1996).  In order to state a claim for the denial of court access, a prisoner must

27   establish that he suffered an actual injury. Id. at 349.  "[A]ctual injury [is] actual prejudice with

28   respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

present a claim." Id. at 348 (brackets added).  The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost, in order to give the defendant fair notice of his allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3).

### b. Analysis

Plaintiff claims that when he was sent from CTF-Soledad to Folsom, CTF-Soledad failed to send him his legal papers for a month. (See ECF No. 1 at 5).  Although plaintiff also states that it was "very important for [him] to file a petition for writ of habeas corpus" (see id.), he fails to allege that he suffered any sort of actual injury because CTF-Soledad failed to send him his legal paperwork for that period. (See generally id.).  For example, plaintiff does not say that as a result of the delay, he was in fact ultimately unable to timely file a petition for writ of habeas corpus. (See id.).  Without a concrete injury, this claim cannot stand.

Furthermore, plaintiff fails to identify the specific individuals at CTF-Soledad who failed to timely send him his legal documents. (See generally ECF No. 1 at 5).  The identification of specific state actors is essential to a Section 1983 civil rights claim.  See 42 U.S.C. § 1983 (person acting under color of law requirement).  Prisons are not "persons" within the meaning of Section 1983. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (stating San Quentin is arm of state and thus, not a person for purposes of the Civil Rights Act); see generally Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001) (stating State is not person for purposes of Section 1983 and thus, not proper defendant in litigation).  Thus, plaintiff simply alleging that CTF-Soledad – or any other prison, for that matter – had a hand in depriving him of his legal documents is not actionable.[2]

It is possible that the deficiencies in this claim can be remedied.  For this reason, plaintiff will be given the opportunity to amend it.

---

[2] The only person plaintiff has named as a defendant in this action is "Mr. Sullivan," the former Warden of CCI-Tehachapi. (See ECF No. 1 at 1).  If plaintiff intended to claim that defendant Sullivan, or any other person, played an active role in preventing him from receiving his legal documents, he must clearly state this in any amended complaint he may file.

1

   **2. Deliberate Indifference Claim**

2

   **a. Relevant Law**

3    "The Constitution does not mandate comfortable prisons, but neither does it permit

4    inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and

5    citations omitted). "[A] prison official violates the Eighth Amendment only when two

6    requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a

7    prison official's act or omission must result in the denial of the minimal civilized measure of

8    life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison

9    official must subjectively have a sufficiently culpable state of mind, "one of deliberate

10   indifference to inmate health or safety." Id. (internal quotation marks and citations omitted).

11   This second prong . . . "is satisfied by showing (a) a purposeful act or failure to respond to a

12   prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner,

13   439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks

14   omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR,

15   726 F.3d 1062, 1081 (9th Cir. 2013).

16

   **b. Analysis**

17       Plaintiff's deliberate indifference claims as currently written, specifically that: (1) his

18   right ankle was injured twice when he fell because of holes in the yard at PVSP, and (2) while he

19   was at PVSP, he contracted Valley Fever for a month, and that these incidents left him in pain

20   and/or not feeling "100[] percent fully recover[ed]" (see ECF No. 1 at 5), are not cognizable.

21   This is because neither claim levies allegations against specific individuals, and neither claim

22   identifies what plaintiff's serious medical needs were to which certain prison officials were

23   allegedly deliberately indifferent.[3] (See generally id.). Plaintiff being "in pain" after surgery on

24   his ankle or plaintiff not being "fully recovered" after having contracted Valley Fever (see id.) are

25   claims that are too vague to be considered cognizable. See generally Ivey v. Bd. of Regents, 673

26   ////

27

28
   _____
   [3] Furthermore, there appears to be no link between the Valley Fever and ankle injury incidents.
   (See generally ECF No. 1 at 5).

1   F.2d 266, 268 (9th Cir. 1982) (stating vague, conclusory allegations concerning involvement of

2   official personnel in civil rights violations not sufficient).

3          However, plaintiff may be able to identify specific individuals at PVSP who treated him

4   while he had Valley Fever and who treated his injured right ankle.  He may also be able to

5   provide specific factual support regarding how these individuals were deliberately indifferent to

6   his serious medical needs as they tended to him.  Therefore, plaintiff will be permitted to amend

7   these claims.  Direction on how to go about doing so is provided below.

8   **VI.     OPTION TO AMEND THE COMPLAINT**

9          Plaintiff is being given the opportunity to amend the complaint.  If plaintiff chooses to file

10   an amended complaint, it will take the place of the original complaint.  See Lacey v. Maricopa

11   Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original).  Any amended

12   complaint should observe the following:

13          An amended complaint must identify as a defendant only persons who personally

14   participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson

15   v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

16   constitutional right if he does an act, participates in another's act or omits to perform an act he is

17   legally required to do that causes the alleged deprivation).

18          An amended complaint must also contain a caption including the names of all

19   defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging

20   new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

21          Any amended complaint must be written or typed so that it is complete in itself without

22   reference to any earlier filed complaint.  See L.R. 220 (E.D. Cal. 2009).  This is because an

23   amended complaint supersedes any earlier filed complaint, and once an amended complaint is

24   filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay,

25   375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter

26   being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa

27   Cty., 693 F.3d 896 (2012).

28   ////

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.  The Clerk of Court is directed to send plaintiff a copy of the court's Civil Rights

3    Complaint By A Prisoner form;

4        2.  Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend, and

5        3.  Within sixty days of the date of this order, plaintiff shall file an amended complaint.

6    Plaintiff is warned that failure to comply with this court's order within the time allotted may

7    result in a recommendation that this action be dismissed for failure to state a claim upon which

8    relief may be granted.  See 28 U.S.C. 1915A(b)(1).

9    Dated: November 5, 2020

10

11

12                                                    _____
                                                      DEBORAH BARNES
                                                      UNITED STATES MAGISTRATE JUDGE
13

14   DLB:13
     DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/dela2430.scrn.pdfee

15

16

17

18

19

20

21

22

23

24

25

26

27

28