UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO VALERIANO DE LA CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:19-cv-02430 KJM DB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's first amended complaint ("FAC") for screening. (ECF No. 6.) For the reasons stated below, the court will recommend that the FAC be dismissed without leave to amend.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
7    the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
8    showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
9    the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
10   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11   However, in order to survive dismissal for failure to state a claim a complaint must
12   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
13   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
14   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
15   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
16   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
17   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18   The Civil Rights Act under which this action was filed provides as follows:

19   > Every person who, under color of [state law] . . . subjects, or causes
20   > to be subjected, any citizen of the United States . . . to the deprivation
21   > of any rights, privileges, or immunities secured by the Constitution .
     > . . shall be liable to the party injured in an action at law, suit in equity,
     > or other proper proceeding for redress.

22
23   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
26   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
27   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform
28   ////

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Does Plaintiff State a Claim Under § 1983?**

**A. Allegations in the FAC**

Plaintiff names as defendants Sacramento County Probation Officer Jeronimo Ruiz, Sacramento County Public Defender Stan Kubochi, Sacramento County District Attorney, Renishta Lal, and Sacramento County Superior Court Judge Allen Sumner. (ECF No. 6 at 2.) In the factual allegations of the FAC, plaintiff also lists "CDCR, BOP, [and] Warden" as defendants. (Id. at 5.)

Plaintiff states that his first claim is for "due process and equal protection, access to the court, [and] cruel and unusual punishment." (Id. at 3.) Plaintiff lists defendants Ruiz, Kubochi, and Lal in connection with this claim. (Id.) The allegations for this claim focus on how each defendant contributed to plaintiff receiving what he claims is an improper sentence. Specifically, plaintiff claims that defendant Ruiz caused plaintiff to be charged with attempted murder despite there being "no strong evidences [sic] to convict me guilty of attempted murder." (Id.) Plaintiff also alleges that defendant Kubochi did not advise plaintiff that the attempted murder charge was dismissed prior to plaintiff being sentenced and that defendant Lal knew that charge was dismissed at the time he was sentenced. (Id.)

The second claim is listed as a "due process, access to the court, freedom from cruel and unusual punishment" claim. (Id. at 4.) Plaintiff alleges that defendant Sumner, as the judge in Plaintiff's case, incorrectly sentenced the plaintiff as the attempted murder charge had been

3

dismissed. (Id.) Plaintiff states that he does not know why defendant Sumner "allowed this 25 years life sentenced [sic] enhancement" despite the attempted murder charge being dismissed. (Id.)

Plaintiff's third and final claim names "CDCR, BOP, Warden" as defendants and is identified as a claim for "due process, access to the court, freedom from cruel and unusual punishment." (Id. at 5.) This claim centers on unnamed California Department of Corrections and Rehabilitation personnel not granted plaintiff relief for what he believes to be an improper sentence. (Id.) Plaintiff alleges that when he filed a grievance that his sentence was incorrect and requested information about his sentence. (Id. at 5; see Id. at 7.) This grievance was denied on the grounds that plaintiff's sentence was correct. (See Id. at 7.) Plaintiff appealed the denial but has not received a response to this appeal at the time of filing the FAC. (Id. at 5.) Plaintiff also suggests that he unsuccessfully requested that the parole board correct his sentence. (Id.)

Plaintiff claims that the alleged improper sentence has injured him by damaging "[his] family and [his] reputation." (Id. at 3.) It appears the only relief requested by plaintiff is that he be released as he is "receiving punishment with a dismissed charges [sic]." (Id. at 6.)

### B. Habeas is the only Method to Challenge a State Court Conviction

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). A habeas corpus petition is the proper mechanism for a prisoner to use to contest the legality or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, a civil rights action pursuant to § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Additionally, before plaintiff may bring an action for damages based on an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

It is apparent from the FAC as a whole that plaintiff seeks to challenge the basis for his life sentence.[1] Although plaintiff has filed this case under § 1983, it may not proceed as a civil rights action. Writ of habeas corpus is the exclusive method for a prisoner to challenge his state conviction in federal court. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (where a state prisoner challenges the fact or duration of his confinement, his sole remedy is a writ of habeas corpus); see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (citing Preiser, 411 U.S. at 489) (Stating a section 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks immediate release from prison). Plaintiff's claims challenge the validity of his sentence (See ECF No. 6 at 3-5) and his only apparent requested relief is release from confinement (Id. at 6). Such a challenge may only be brought by writ of habeas corpus.

Additionally, while it does not appear that plaintiff seeks to pursue a civil damages action, to the extent that he sought to do so, plaintiff is barred by Heck as his conviction has not been overturned or called into question by the issuance of a writ of habeas corpus from a federal court. See Wilkinson, 544 U.S. at 81-82 ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original).

Accordingly, it will be recommended that this complaint be dismissed as plaintiff may not challenge his sentence via an §1983 action.

---

[1] Plaintiff's previous filings also make this apparent. In the court's screening order of plaintiff's initial complaint, two of plaintiff's three claims were dismissed as they sought to challenge the basis for plaintiff's life sentence. (ECF No. 5 at 5.)

5

### III.    No Leave to Amend

A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995) (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). However, futile amendments should not be permitted. See, e.g., DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987), (quoting Klamath—Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

The court finds that granting plaintiff leave to amend would be futile because his claims are more properly brought in a petition for writ of habeas corpus as it is clear he seeks relief related to his criminal conviction and sentence in state court.

### CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that this complaint be dismissed without leave to amend for failure to state a claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 6, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil.Rights/S/dela2430.scm2